IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. $822.84 IN UNITED STATES CURRENCY,
2. $65,942.00 IN UNITED STATES CURRENCY, AND
3. $5,920.00 IN UNITED STATES CURRENCY,

Defendants.

---

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

---

The United States of America, by and through United States Attorney Peter McNeilly and Assistant United States Attorney Laura B. Hurd, pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G(2), states:

**JURISDICTION AND VENUE**

1. The United States of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. § 881 seeking forfeiture of defendant properties based upon violations of the narcotics provisions of 21 U.S.C. § 801 *et seq*. This court has jurisdiction under 18 U.S.C. §§ 1345 and 1355.

2. Venue is proper under 21 U.S.C. § 881(j) and 28 U.S.C. § 1395, as the defendant properties are located, and the acts described herein occurred, in the District of Colorado.

## DEFENDANT PROPERTIES

3. Defendant property is more fully described as:

a. $822.84 in United States currency, seized on March 31, 2026 in Aurora, Colorado. Defendant $822.84 in United States currency is currently being held by the United States Marshals Service, Denver, Colorado.

b. $65,942.00 in United States currency, seized on March 31, 2026 in Aurora, Colorado. Defendant $65,942.00 in United States currency is currently being held by the United States Marshals Service, Denver, Colorado.

**c.** $5,920.00 in United States currency, seized on March 31, 2026 in Aurora, Colorado. Defendant $5,920.00 in United States currency is currently being held by the United States Marshals Service, Denver, Colorado.

## FACTUAL BASIS FOR FORFEITURE

4. Except as otherwise noted, all of the following facts and information have been discovered through my own investigation and observations, and the observations and investigations of fellow law enforcement officers as reported to me.

## INVESTIGATION

5. In 2026, law enforcement officers with the North Metro Task Force (NMTF) began an investigation into a drug trafficking organization ("DTO") selling fentanyl and methamphetamine in the Denver-metro area.

6. During the investigation, a main contact for the DTO was identified as Alexander Ramos ("Ramos") and another individual Marvin Javier Raudules-Valdez a/k/a

Marvin Javier Raudales-Valdez ("Raudules-Valdez"), was identified as a runner for Ramos.

7. During the investigation, an undercover investigator ("UC") contacted Ramos to purchase 1,000 fentanyl pills. Ramos provided two baggies with approximately 500 blue M30 pills in each bag for $2,000.00.

8. Officers also observed Raudules-Valdez meeting with a male individual on March 12, 2026. The male got into the vehicle Raudules-Valdez was driving and after approximately 5 minutes exited the vehicle and drove away in a white Dodge Durango. Law enforcement stopped the Durango and found 1.5 grams of methamphetamine on the male and three blue M30 pills in the drivers' door. Upon consent, the male allowed officers to review his phone and officers observed messages consistent with the male purchasing narcotics from Ramos for several months.

**Defendant $822.84 in United States currency**

9. On March 30, 2026, law enforcement officers attempted to conduct a traffic stop on a Honda Civic driven by Raudules-Valdez. However, Raudules-Valdez attempted to evade law enforcement and subsequently crashed the vehicle into a wooden retaining wall in front of the Harbor Freight Tools store located on Alameda Avenue in Aurora, Colorado.

10. Raudules-Valdez fled the scene with a gun and was apprehended after throwing away the loaded gun and a black satchel. A female passenger in the vehicle also attempted to flee but was apprehended and detained.

11. The vehicle was towed from the scene, and a state search warrant was executed. In total, approximately 178.96 grams of suspected fentanyl pills, 101.1 grams of fentanyl powder, 70.27 grams of methamphetamine, and 46.34 grams of heroin were found in the vehicle and the black satchel.

12. In addition, law enforcement also seized defendant $822.84 in United States currency from within the vehicle.

**Defendant $65,942.00 in United States currency**

13. On March 31, 2026, a state search warrant was also executed at Alexander Ramos' residence in Aurora, Colorado. The only known residents were Ramos and Ana Rosibel Ramos-Canaca ("Ramos-Canaca").

14. A large amount of United States currency was discovered in the residence. One amount was found in bundles of almost $10,000.00 each and another amount was found in bundles of approximately $1,000.00 each. In total, law enforcement seized defendant $65,942.00 in United States currency.

15. That same day, Ramos and Ramos-Canaca were apprehended while in a 2016 Subaru Impreza. A search warrant was executed on the vehicle and approximately 141.82 grams of fentanyl pills, 104.19 grams of fentanyl powder, 14.53 grams of amphetamines, and 12.67 grams of heroin were found in the vehicle.

16. In addition, law enforcement also seized defendant $5,920.00 in United States currency from the vehicle and on Ramos' person.

17. Both Ramos and Raudules-Valdez were arrested and charged with various narcotic-related offenses in the state of Colorado.

VERIFICATION OF TFO JESSICA KVITEK, DRUG ENFORCEMENT ADMINISTRATION

I, DEA Task Force Office Jessica Kvitek, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein are true.

*s/ Jessica Kvitek*
Jessica Kvitek
TFO - DEA

FIRST CLAIM FOR RELIEF

18. The Plaintiff repeats and incorporates by reference the paragraphs above.

19. By the foregoing and other acts, defendant $822.84 in United States currency, constitutes proceeds traceable to an exchange of controlled substances, and/or money used or intended to be used to facilitate a violation of 21 U.S.C. § 801 et seq., and therefore, is forfeitable to the United States pursuant to 18 U.S.C. § 881(a)(6).

SECOND CLAIM FOR RELIEF

20. The Plaintiff repeats and incorporates by reference the paragraphs above.

21. By the foregoing and other acts, defendant $65,942.00 in United States currency, constitutes proceeds traceable to an exchange of controlled substances, and/or money used or intended to be used to facilitate a violation of 21 U.S.C. § 801 et seq., and therefore, is forfeitable to the United States pursuant to 18 U.S.C. § 881(a)(6).

THIRD CLAIM FOR RELIEF

22. The Plaintiff repeats and incorporates by reference the paragraphs above.

23. By the foregoing and other acts, defendant $5,920.00 in United States currency, constitutes proceeds traceable to an exchange of controlled substances, and/or money used or intended to be used to facilitate a violation of 21 U.S.C. § 801 et seq., and therefore, is forfeitable to the United States pursuant to 18 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant funds in favor of the United States, that the United States be authorized to dispose of the funds in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant funds and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED this 17th day of August, 2026.

Respectfully submitted,

PETER MCNEILLY
United States Attorney

By: s/*Laura B. Hurd*

Laura B. Hurd
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Ste. 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: laura.hurd@usdoj.gov
*Attorney for the United States*